DANIEL G. BOGDEN
United States Attorney
KIMBERLY M. FRAYN
Assistant United States Attorney
501 Las Vegas Blvd. S.
Suite 1100
Las Vegas, Nevada 89101
(702) 388-6546 (Telephone)
(702) 388-5087 (Fax)
Kimberly.frayn@usdoj.gov

Counsel for Plaintiff United States

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

# -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:16-CR-00276-APG-GWF |
| vs. | |
| OMIRA BERIA, | STIPULATION FOR PROTECTIVE ORDER |
| Defendant. | **ORDER** |

    IT IS HEREBY STIPULATED AND AGREED between the parties, Daniel G. Bogden, United States Attorney for the District of Nevada, and Kimberly M. Frayn, Assistant United States Attorney, counsel for the United States, and Richard P. Sorenson, Esq., counsel for defendant OMIRA BERIA, that this Court issue an Order protecting from disclosure to the

1

public any discovery documents containing the personal identifying information such as social security numbers, drivers' license numbers, dates of birth, or addresses, of participants, witnesses and victims in this case. Such documents shall be referred to hereinafter as "Protected Documents." The parties state as follows:

1. Protected Documents which will be used by the government in its case in chief include personal identifiers, including social security numbers, drivers' license numbers, dates of birth, financial account numbers and addresses, of participants, witnesses, and victims in this case.

2. Discovery in this case is not unusually voluminous, however, given the nature of the allegations, and the facts and circumstances surrounding the crimes with which the defendants are charged, that is, that the defendants manufactured and used counterfeit mail keys to steal mail from repository boxes and then to assumed a the identity of persons other than themselves to obtain money, many of the documents in the discovery, including hundreds of pieces of recovered stolen mail, necessarily include personal identifiers. Redaction of the personal identifiers prior to discovery production will be unnecessarily burdensome on the government's resources and will necessitate a brief delay in the timeliness of discovery disclosure.

3. Instead, the United States agrees to provide Protected Documents without redacting the personal identifiers of participants, witnesses, and victims, so long as the Defendants agrees to this Protective Order in an effort to reduce the risk of re-victimization.

4. Access to Protected Documents will be restricted to persons authorized by the Court, namely defendants, attorneys of record and attorneys' paralegals, investigators, experts, secretaries and other persons employed by the attorneys of record and performing on behalf of defendants.

5. The following restrictions will be placed on defendants, defendants' attorneys and the above-designated individuals unless and until further ordered by the Court. Defendants, defendants' attorneys and the above-designated individuals shall not:

a. make copies for, or allow copies of any kind to be made by any other person of Protected Documents;

b. allow any other person to read Protected Documents; and

c. use Protected Documents for any other purpose other than preparing to defend against the charges in the Indictment or any further superseding indictment arising out of this case.

6. Defendants' attorneys shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

7. The requested restrictions shall not restrict the use or introduction as evidence of discovery documents containing personal identifying information such as social security numbers, drivers' license numbers, dates of birth, financial account numbers and addresses during the trial of this matter.

8. Upon conclusion of this action, defendants' attorneys shall return to government counsel or destroy and certify to government counsel the destruction of all discovery documents

/ / /

/ / /

/ / /

1  containing personal identifying information such as social security numbers, drivers' license
2  numbers, dates of birth, financial account numbers and addresses within a reasonable time, not to
3  exceed thirty days after the last appeal is final.

4  DANIEL G. BOGDEN
   United States Attorney
5

6  /s/Kimberly M. Frayn
   KIMBERLY M. FRAYN                                    DATE   October 7, 2016
7  Assistant United States Attorney

8

9
   /s/
10 RICHARD P. SORENSON, ESQ.                            DATE   October 7, 2016
   Assistant Federal Public Defender
11 Counsel for defendant BERIA

12

13 **ORDER**

14 IT IS SO ORDERED this __11th__ day of __October__ 2016.

15

16                                    _____
17                                    UNITED STATES DISTRICT JUDGE